KINNEY (JONES v.). See Case No. 7,473.

KINNEY (LEWIS v.). See Case No. 8,325.

KINNIE, The (JACKSON v.). See Case No. 7,137.

## Case No. 7,828.
KINSEY v. KINSEY et al.

[3 Cranch. C. C. 85.] [1]

Circuit Court, District of Columbia. April Term, 1827.

### WILLS—NATURE OF ESTATE DEVISED.

A devise to Zenas Kinsey or his heirs, is a devise to him and his heirs; and a proviso that one of the devisee's sons should have a double portion more than his other children, takes effect only in case of the death of the devisee in the lifetime of the testator.

This was an amicable bill filed to settle the construction of the will of Ezra Kinsey. The following is the clause in question:— "I give and bequeathe the whole rest and residue of my estate, either real or personal, and of share of stock in trade, and every thing I am possessed of, to Zenas Kinsey or his heirs; N. B. Ezra Kinsey is to have a double portion of my estate more than Zenas Kinsey's other children. He is to have my silver watch. Zenas Kinsey is to pay his mother, Dorothy Kinsey, $50 yearly during her lifetime; and he is to pay Mary Shaw $50 yearly during her natural lifetime."

Mr. Taylor, for complainant, cited Crooke v. De Vandes, 9 Ves. 197.

The opinion of THE COURT was, that the testator meant, in effect to say: "I devise the whole of my estate real and personal to Zenas Kinsey and his heirs; but if he should die before me, I devise the same to such of his children as shall be living at my decease; Ezra, however. to have a double portion and my silver watch."

THRUSTON. Circuit Judge, not having been present at the argument, gave no opinion.